SUCCESSION OF RICHARDSON, on an opposition to a tableau.

The vendor's privilege on the thing pleged, extends, and without a ny express stipulation to that effect, to secure the interest, as well as the principal debt.

APPEAL from the District Court of Ouachita, *Barry*, J. · *Morrison*, for *Norwood*. *McGuire & Ray*, and *Garrett*, for *Williams, Phillips & Co. Baker & Harris*, and *Esseck & Richardson*, for other parties.

LEA, J. This case is presented upon appeals taken by the administrator, *Norwood*, and by *Margaret Ann Copley*, administratrix of the estate of her deceased husband, *George Copley*.

The administrator, *Norwood*, complains that a credit has been disallowed of $90, for interest on two notes due to *Raymond*, of $700 each. These notes were given as the price of a tract of land sold by *Raymond* to *Richardson*, for the payment of which the vendor's privilege and mortgage were reserved. It appears that no interest was stipulated in the drafts given in payment, or in the act of mortgage.

The only question for solution is, whether in the absence of an express stipulation for interest, the vendor's privilege should be extended so as to embrace the interest as well as the price?

We think this question has been satisfactorily solved, so far as sales of real estate are affected.

It will be conceded, that the price of immovables, susceptible of producing fruits, bears interest from the time it is due, without any demand. C. C. 1933.

Any purchaser or mortgagee would, of necessity, be affected with notice arising from the nature of the claim. As an accessory right, it comes within the application of the privilege which secures the principal demand. See. 9 La. 266. 15 La. 431. 7 La. 480. 17 La. 329.

The opposition of Mrs. *Copley* asks for no change in the judgment appealed from, except the rejection of the claims of the following named creditors, who are recognized as such, viz: *Williams, Phillips & Co., George Esseck, Marburg & Slaughter*, the owners of the steamer Osceola, and *J. S. Knowles*.

From the statement of facts agreed upon by the counsel representing these parties in interest, it appears that the claims of the four last named persons are not only correct in amount, but it is admitted that they were contracted for materials furnished and used at the mill, upon the proceeds of which they claim a privilege, and that the value of the mill upon which they seek to exercise their right, far exceeds the privilege upon it. It appears to us that the judgment of the District Court, with reference to these claims, is correct. Neither the appellants, nor the appellees have asked that the judgment should be disturbed in other respects.

It is ordered, that so far as relates to the claim of $90 for interest paid to *J. Raymond*, the judgment appealed from be reversed, and that the tableau be amended by striking therefrom the amount so allowed to *Williams, Phillips & Co.*, and that said amount be recognized as having been properly paid to *J. Raymond*, by the administrator, and that he be credited with the same as originally placed on his account.

SUCCESSION OF
RICHARDSON.

It is further ordered, that the judgment of the District Court upon the opposition of Mrs. *Copley*, as administratrix of the succession of *G. W. Copley*, and as tutrix of her minor child, be affirmed; and that in all other respects, so far as herein amended, that said judgment be affirmed. It is further ordered, that *Williams, Phillips & Co.* and Mrs. *Copley*, in her capacities aforesaid, be condemned to pay each one-half of the costs of this appeal; and that *Williams, Phillips & Co.* be condemned to pay the costs of their opposition in the District Court.